IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NEIL LYNN NUNES,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, ET AL.,<br><br>Defendants. | Cause No. CV 25-9-H-DWM<br><br>ORDER |

Plaintiff Neil Lynn Nunes filed a Complaint and an Amended Complaint related to medical care and other matters at Montana State Prison. (Docs. 2 and 6.) Taken together, Nunes' filings failed to state a claim. He was granted leave to amend. (Doc. 7.) Nunes' Second Amended Complaint also fails to state a claim and is dismissed. (Doc. 8.)

Nunes is a prisoner proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and 1915A(b) require the Court to dismiss a complaint filed in forma pauperis/by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

1

formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

The Court's previous Order is incorporated by reference. (Doc. 7.) In brief, the deficiencies identified were that Nunes failed to identify any individual who had an obligation to provide him medical care and was deliberately indifferent to his needs. (Doc. 7 at 5 – 6.) Nunes also failed to identify any constitutional violation regarding the accident leading to his injury. (Doc. 7 at 6 – 7.) Nunes' Second Amended Complaint fails to remedy these deficiencies. He added the names of two doctors at Montana State Prison, but he alleges no facts whatsoever regarding the conduct of these doctors. (Doc. 8 at 3.) Otherwise, Nunes' Second Amended Complaint mostly refers to the documents he already filed, without elaborating any facts to show a constitutional violation.

Nunes' Second Amended Complaint also makes clear, repeatedly, that he intends to pursue his rights under Montana state law, not federal law. (Doc. 8 at 3 ("Article II, Section 18, MT. Const. Amend. Not under federal laws"); 5 (asserting this court is "an agency of the State since this court does not honor Federal laws in Montana" and citing Mont. Code Ann.).) Nunes' Second Amended Complaint fails to state a claim for a violation of federal law, and may, in fact, be intended for filing in state court anyway.

## IV. CONCLUSION

2

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted. Nunes' Second Amended Complaint fails to state a claim for federal relief and, therefore, is dismissed.

Accordingly, it is HEREBY ORDERED:

1. Nunes' Second Amended Complaint is DISMISSED. The Clerk is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk shall have the docket reflect that the filing of this Complaint counts as a strike against Nunes within the meaning of 28 U.S.C. § 1915. Appeal of this dismissal would not be taken in good faith.

DATED this 18th day of March, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

3